Shawn ODNEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–04–097 CR.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 15, 2005.

Decided March 23, 2005.

Todd Leblanc, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Wayln G. Thompson, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

On March 13, 2000, appellant was found guilty by the trial court for the offense of Aggravated Sexual Assault (on a child). The record reflects that appellant pleaded guilty with the benefit of an agreed punishment recommendation.[1] The record further reflects that the trial court followed the agreed recommendation in assessing punishment at life in the Texas Department of Criminal Justice—Correctional Institutions Division. Because appellant's notice of appeal was not filed timely, we dismissed the appeal for want of jurisdiction on June 8, 2000.

Appellant subsequently filed a post-conviction application for writ of habeas corpus with the Court of Criminal Appeals alleging ineffective assistance of counsel in the failure to file a timely notice of appeal.

---

1. The agreed punishment recommendation appears to be that in exchange for his plea of guilty and incarceration for life, the State agreed for the trial court to run the instant sentence concurrently with another life sentence for aggravated sexual assault in Cause No. 77455. See *Odneal v. State*, No. 09–00–200–CR, 2001 WL 62897 (Tex.App.-Beaumont Jan.24, 2001, pet. ref'd) (not designated for publication).

The Court of Criminal Appeals agreed with appellant and granted him habeas corpus relief. The Court explicitly set-out the remedy for appellant as follows:

The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued.

The Court of Criminal Appeals' mandate issued on February 18, 2004, with appellant filing a pro se notice of appeal the same day. As required by Tex.R.App. P. 25.2(a)(2) and 25.2(d), the trial court thereafter entered its certification of appellant's right to appeal. Based upon the facts of the case, the Rule applicable to the trial court's certification reads as follows:

The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.

See Tex.R.App. P. 25.2(a)(2). In the instant case, the trial court certified appellant's right to appeal for the following reason: "Court of Criminal Appeals ordered, adjudged and decreed that an out of time appeal is Granted."

An appellate court has the ability to examine a certification for defectiveness. See *Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App., 2005) (not yet reported). We agree with other courts of appeals that the recitations in a certification of the right to appeal must be true and supported by the record. See *Barcenas v. State*, 137 S.W.3d 865, 865–66 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Waters v. State*, 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In the instant case, the printed reason for certifying appellant's right to appeal has a narrow basis in fact when compared with the record in that it appears the trial court interpreted the habeas corpus relief granted to appellant as properly invoking our jurisdiction. We read the Court's habeas corpus relief, however, as simply "turning the clock back" to the day of conviction, and providing appellant, "should he desire to prosecute an appeal," the opportunity to timely file his notice of appeal at which point the requirements of the Rules of Appellate Procedure come into effect.

As noted above, Rule 25.2(a)(2) provides that in a plea bargain case where the punishment assessed did not exceed what was agreed to by the defendant and the State, the defendant may only appeal matters raised and ruled upon by written pretrial motion, or after getting the trial court's "permission to appeal." Rule 25.2(d), entitled "Certification of Defendant's Rights of Appeal," states that an appeal must be dismissed if a certification, which shows the defendant has the "right of appeal," has not been made part of the record under the rules. These two provisions under Rule 25.2 appear to raise the question of whether "permission to appeal" has the same meaning as "right of appeal."

In the instant case, for example, the trial court's reason for certification, "Court of Criminal Appeals ordered, adjudged and

decreed that an out of time appeal is Granted," could be inferred to give appellant "permission to appeal." It is not contested, however, that appellant pleaded guilty with the benefit of a negotiated and agreed punishment recommendation, which was complied with by the trial court, and the record does not indicate the existence of any pretrial motion. Therefore, under these facts, can the stated reason for certification be considered by this Court as being in compliance with Rule 25.2 so as to invoke our jurisdiction over this appeal?

■ Neither the United States nor Texas constitution guarantees the right to appeal state criminal convictions. See *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex.Crim.App. 2004). A defendant's right to appeal is granted only by the legislature via statutory enactment. *Griffin*, 145 S.W.3d at 646. Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979 & Supp.2005) provides that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." The Court in Griffin noted that, in the past, Texas courts have interpreted article 44.02 and its predecessors "very broadly," and characterized this broad interpretation of article 44.02 as "impermissibly alter[ing] the legislatively created right to appeal." *Id.* The Court in Griffin then traced the judicial and legislative sequence of events of the past thirty-three years with regard to a defendant's "right of appeal" from a guilty-plea proceeding:

In response to *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972),[2] the legislature amended Article 44.02 in 1977:

provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979), repealed 1998 (emphasis added).

*Griffin*, 145 S.W.3d at 646 (emphasis in original).

The intent of the 1977 legislative amendment to article 44.02 was to eliminate appeals in which the defendant had entered a plea of guilty or nolo contendere before the court as part of a plea bargain and the punishment assessed did not exceed that agreed upon. *Griffin*, 145 S.W.3d at 646; *Cooper v. State*, 45 S.W.3d 77, 80 (Tex. Crim.App.2001).

In 1985, the legislature authorized the Court of Criminal Appeals to repeal sections of the Code of Criminal Procedure[3] and promulgate rules of post-trial, appellate, and review procedures in criminal cases. See Tex. Gov't Code Ann. § 22.108(a) (Vernon 2004); *Griffin*, 145

---

2. The Court in Helms held that "where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." *Helms*, 484 S.W.2d at 927 (clarified by *Young v. State*, 8 S.W.3d 656 (Tex.Crim.App.2000)). The Court in Griffin noted that the Helms Rule, as the holding

became known, discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits. *Griffin*, 145 S.W.3d at 646.

3. See Act of May 27, 1985, 69th Leg. R.S., ch. 685, § 4(a), 1985 Tex. Gen. Laws 2472–2473.

S.W.3d at 647. However, this grant of rule-making authority was limited, and the Court of Criminal Appeals may not, by those rules, "abridge, enlarge, or modify the substantive rights of a litigant." *Id.* Indeed, the Court in Griffin noted that as the Court of Criminal Appeals lacks the power to bestow on a party the "right of appeal," the rules that have pertained to invoking appellate jurisdiction have focused on "how" to perfect an appeal. *Griffin*, 145 S.W.3d at 647.

Initially in 1985, the Court promulgated Tex.R.App. P. 40(b)(1) (repealed in 1998), then Rule 25.2(b)(3) (deleted in 2002), and finally the present Rule 25.2(a)(2) which incorporated the two exceptions originally authorized in 40(b)(1). The significance of the evolution of Rule 25.2 to its current version was described in Griffin, involving a plea-bargaining defendant's attempt to appeal lack of trial court jurisdiction, as follows:

> The plain language of the 1977 amendment to Article 44.02 includes nothing to indicate that the legislature intended to exempt jurisdictional issues from the general limits of the proviso. Therefore, the current Rule 25.2 merely carries out the purpose of the legislature's original rule: to eliminate meritless appeals after the trial court accepted the terms of a plea agreement. "As the legislature saw it, the restrictions of the 1977 proviso applied to any matter in the case, without limitation." *Cooper*, 45 S.W.3d at 80. Jurisdictional matters may be raised on appeal if they fit within the limited right of appeal granted by the legislature, or they may be litigated by writ of habeas corpus.

The language of the current Rule 25[.2](a)(2) and the 1977 proviso of Article 44.02 are substantially the same. Because the right to appeal is guaranteed only by statute and because the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional issues that fall outside of the statutory exceptions, we are led to the conclusion that the requirements of the current Rule 25[.2](a)(2) are consistent with the initial legislative intent and do not impermissibly abridge the right to appeal.

*Griffin*, 145 S.W.3d at 648–49.

■ In light of the above discussion, we find that whenever a trial court gives a defendant "permission to appeal" as contemplated under Rule 25.2(a)(2), that defendant must possess a "right of appeal" independent of the rules of appellate procedure in order to invoke our jurisdiction. As the cases have pointed out, the Texas Rules of Appellate Procedure do not establish appellate jurisdiction, but set out procedures which must be followed in order to invoke a court's jurisdiction over a particular appeal. See *White v. State*, 61 S.W.3d 424, 428 (Tex.Crim.App.2001); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).[4] For a plea-bargaining defendant, a trial court's "permission to appeal" will only invoke a court's appellate jurisdiction if the defendant also has a "right of appeal." Under the facts and circumstances of the instant case, the trial court's certification is defective in that it appears to find appellant's "right of appeal" solely within the Court of Criminal Appeals's grant of "an out-of-time appeal." Such a finding is misplaced as the Court's mandate simply

---

**4.** As the Olivo Court pointed out: "Examples of laws that establish jurisdiction of courts of appeals are Tex. Const. Art. V, § 1 (courts in which judicial power is vested), Tex. Const. Art. V, § 6 (courts of appeals); V.T.C.A. Gov't Code §§ 21.001 (inherent power and duty of courts), 22.220 (civil jurisdiction), 22.201 (courts of appeals districts), . . . . This Court's rulemaking authority is found in Tex. Const. Art. V, § 31(c), V.T.C.A. Gov't Code 22.108, and Article 44.33(a), V.A.C.C.P." Olivo, 918 S.W.2d at 523 (footnotes omitted).

placed appellant in the position he was in on the day of his conviction.

However, above and apart from the improper reason for certification is the fact that appellant simply has no substantive "right of appeal" independent of the rules of appellate procedure. See *Griffin,* 145 S.W.3d at 648–49 (Rule 25.2(a)(2) carries out legislative purpose in 1977 version of article 44.02 to eliminate meritless appeals after the trial court accepts the terms of a plea agreement.); *Shankle v. State,* 119 S.W.3d 808, 814 (Tex.Crim.App.2003) (Because the appellant pleaded guilty and the punishment did not exceed the punishment agreed to by the defendant, the plea-bargaining appellant has no right of appeal under the applicable appellate rules.); *Cooper,* 45 S.W.3d at 80, 83 (Like the 1977 version of article 44.02, former Rule 25.2 limits every appeal on every ground in a plea bargain felony case.).

Assuming that appellant's notice of appeal, containing the prayer that the trial court "accepts this Notice of Appeal," was a sufficient request for permission to appeal, the trial court was required to enter a certification of appellant's "right of appeal." See Rule 25.2(a)(2). The trial court's stated reason for permitting the appeal did not provide a right of appeal for appellant and we find none on the face of the record. As this "defect" in certification appears to provide a right of appeal when the record is clear that appellant has no such right, it is unnecessary for us to require the trial court to provide an amended certification before dismissing the appeal pursuant to Rule 25.2(d). See *Barcenas v. State,* 137 S.W.3d at 866. Accordingly, we dismiss this appeal as it fails to invoke our jurisdiction.

APPEAL DISMISSED.