In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-019 CR


____________________



LARRY DONELL DANIELS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-030675-R






MEMORANDUM OPINION


 In this appeal from his conviction, following a plea of "guilty," for the felony offense
of aggravated assault, Larry Donell Daniels raises two issues: (1) that his guilty plea was not
freely and voluntarily entered because he was "misinformed" as to his eligibility for
community supervision; and (2) that he was denied effective assistance of counsel because
his trial counsel failed to make an independent investigation into the facts and law underlying
the charged offense so as to have discovered certain mitigating evidence as well as the fact
that Daniels was ineligible for community supervision. Finding Daniels has failed to
properly invoke our jurisdiction, we dismiss his appeal.

 The record indicates that on September 23, 2004, Daniels pleaded guilty to allegations
contained in the first paragraph of a two-paragraph indictment charging him with aggravated
assault on the victim, V.P., by causing her "serious bodily injury." (1) See Tex. Pen. Code
Ann. § 22.02(a)(1) (Vernon Supp. 2005). Apparently at some point prior to the plea
proceeding, the State decided to abandon the allegations in the second paragraph which
alleged that Daniels had intentionally and knowingly caused bodily injury to V.P. by use of
a deadly weapon "to wit: a knife, that in the manner of its use and intended use was capable
of causing death and serious bodily injury[.]" See Tex. Pen. Code Ann. § 22.02(a)(2)
(Vernon Supp. 2005). On the day of the guilty-plea proceeding, Daniels executed an
application for probation and a written stipulation of evidence indicating that he had read,
and his trial counsel had explained, the indictment and that Daniels "plead[ed] guilty to each
and every element alleged." 

 The record also indicates that the trial court admonished Daniels pursuant to the
provisions of Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2005). The trial court
accepted the guilty plea, ordered a pre-sentence investigation (PSI) report be prepared, and
set a date for the sentencing hearing. When the cause reconvened, a number of witnesses,
including the victim and Daniels, testified at the punishment hearing. Following the
witnesses' testimony and argument by counsel, the trial court announced it was taking the
case under advisement pending its reading of the PSI. The cause was again reset to a later
date for formal assessment of punishment. At this next hearing, after briefly recounting some
of the facts and circumstances of the aggravated assault, the trial court concluded by
pronouncing sentence in the following manner: 

 It's a very, very serious case, forty-six thousand dollars in medical,
permanent lifetime disabilities as a result of that, and so, it's going to be the
judgment of the Court that the Defendant is sentenced to the penitentiary for
a period of ten years. And the Defendant is hereby sentenced to ten years [sic]
confinement in the Texas Department of Criminal Justice Institutional
Division, and he's remanded into the custody of the Sheriff's Department to
carry out the terms and conditions of this Order. The Court is not going to
give the Defendant probation. That's the judgment of the Court. You prepare
it up. That's it. He's remanded into custody. 


 Subsequent to his sentencing, Daniels filed a motion for new trial and an evidentiary
hearing was held by the trial court. The trial court ultimately denied the motion for new trial. 
Notice of appeal was then filed, with the trial court certifying Daniels' right of appeal for the
reason that the case did not involve a plea-bargain. See Tex. R. App. P. 25.2(a)(2), (d).

 When a complete record is present, an appellate court is obligated to examine that
record so as to ascertain whether the trial court's certification is defective. See Dears v.
State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005); Odneal v. State, 161 S.W.3d 692,
694 (Tex. App.--Beaumont 2005, no pet.). As we noted in Odneal, a criminal defendant has
no substantive right of appeal independent of the "limited right of appeal" granted by the
legislature as effectuated by the rules of appellate procedure. See id. at 697 (citing Griffin
v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Shankle v. State, 119 S.W.3d 808,
814 (Tex. Crim. App. 2003); and Cooper v. State, 45 S.W.3d 77, 80, 83 (Tex. Crim. App.
2001)). 

 Although the trial court's certification finds Daniels has a right of appeal because of
the lack of a plea-bargain, the record refutes this. A written instrument executed prior to the
day of the guilty-plea proceeding entitled, "AGREED PUNISHMENT
RECOMMENDATIONS," reads, in pertinent part: "It is mutually agreed and recommended
to the Court by the parties: Prosecution should proceed only on Count(s) ONE[;] Other:
[defendant] pleading open to court[.]" Additionally, the trial court opened the hearing on
Daniels' new trial motion with the following brief recap of prior events, to which neither the
State nor Daniels made any comment or objection: (2) 

 It appears that back on September 23rd of '04 the defendant appeared with
his attorney and entered a plea of guilty which, I believe, was by agreement to
Count 1 of the indictment charging him with the offense of aggravated assault;
and it was under an open plea whereby there was no plea bargain agreement
in terms of the punishment to be assessed. The punishment could have been
anywhere up to 20 years in the penitentiary, and the defendant was so advised. 
It was the understanding of the Court at the time the plea was entered that
there was an agreement between the parties that there - - that the defendant
was - - would be eligible for probation from the Court in that there would be
no finding of the affirmative use of a firearm - - or a deadly weapon. And in
connection with that, the Court ordered a Presentence Investigation Report be
prepared and heard testimony and evidence on October the 18th regarding the
case. (Emphasis added.) 


 In Shankle v. State, the Court of Criminal Appeals described two basic kinds of plea-bargaining in the United States: "charge-bargaining" and "sentence bargaining." Shankle,
119 S.W.3d at 813. As the Court explained, "Charge-bargaining" involves questions of
whether a defendant will plead guilty to the offense formally alleged or to some lesser or
related offense, and of whether the State will dismiss, or refrain from bringing, other charges. 
Id. "Sentence-bargaining" may occur when the parties place before the trial court binding
or non-binding recommendations on sentences, including a recommended "cap" on
sentencing and/or a recommendation for deferred adjudication community supervision. Id. 
The Court observed that both charge-bargaining and sentence-bargaining either directly
involve punishment, or at least affect punishment, and noted, for example, that an agreement
to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on
punishment at the maximum sentence for the charge not dismissed. Id. The Court's
hypothetical example of charge-bargaining is striking in its similarity to the facts of the
instant appeal, and we reproduce it below in pertinent part:

 Charge-bargains can affect punishment in other ways. For example,
two offenses may be within the same range of punishment, but if one of them
is described in Code of Criminal Procedure article 42.12, section 3g, and the
other is not, the effects of sentences that are identical on their faces can be
quite different. Sentences that are described in that section cannot be
suspended by the trial court without the recommendation of a jury, and
offenders convicted of them become eligible for parole only when their actual
calendar time served in confinement equals the lesser of one-half of the
sentence or 30 years, while other offenders are eligible when their actual
calendar time served plus good conduct time equals the lesser of one-fourth of
the sentence or 15 years. 


Id. at 813-14 (footnotes omitted).

 In the instant case, the identical charge-bargain appears of record. Although both
paragraphs alleged aggravated assault perpetrated on the same victim, V.P., with conviction
under either paragraph subjecting Daniels to the same second-degree felony range of
punishment, the "agreement" between the parties was for the State to proceed with
prosecution only under the first paragraph (the non-3g(a)(2) allegation) as the first paragraph
did not contain an allegation that the assault was accomplished with "a deadly weapon . . .
in the manner of its use or intended use is capable of causing death or serious bodily injury." 
See Tex. Pen. Code Ann. §1.07(a)(17)(B) (Vernon Supp. 2005); Tex. Code Crim. Proc.
Ann. art. 42.12, § 3g (a)(2) (Vernon Supp. 2005). Paragraph one alleged that Daniels
intentionally and knowingly caused serious bodily injury to V.P. by cutting her on the hands
with "a knife[.]" A knife is not a deadly weapon per se. See Robertson v. State, 163 S.W.3d
730, 732-34 (Tex. Crim. App. 2005); Lafleur v. State, 106 S.W.3d 91, 95 (Tex. Crim. App.
2003); Thomas v. State, 821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991). Therefore, the
State's agreement not to proceed with paragraph two (the 3g(a)(2) allegation) preserved
Daniels' eligibility for court-ordered community supervision and obviously induced him to
plead guilty to the allegation contained in paragraph one. Simply because there was no
agreement between Daniels and the State for a specific punishment to be recommended to
the trial court ("sentence-bargaining") does not mean a "plea-bargain" did not exist for
purposes of the trial court's certification of Daniels' right of appeal. See Shankle, 119
S.W.3d at 813-14. 

 The record indicates the parties' plea-bargain - - their "agreement" - - was honored
by the trial court in that Daniels' eligibility for community supervision was a viable
sentencing option. The record also indicates that Daniels remained silent when the trial court
noted the "agreement" between the parties, thus evidencing Daniels' "open plea" was a result
of this "agreement." The record is very clear that, having secured his eligibility for
community supervision, Daniels was fully aware that he was proceeding with an "open plea"
to the trial court. Therefore, because Daniels pleaded guilty and "the punishment assessed
did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant," we find that Daniels had no right of appeal under Rule 25.2(a)(2) of the Rules
of Appellate Procedure. See Shankle, 119 S.W.3d at 814. As Daniels had no right of appeal
under Rule 25.2(a)(2), the trial court's certification of his right of appeal is "defective." See
Dears, 154 S.W.3d at 615; Odneal, 161 S.W.3d at 697. As the defective certification
provides Daniels a right of appeal when the record shows he has no such right, it is
unnecessary for us to require the trial court to provide an amended certification before
dismissing the appeal pursuant to Rule 25.2(d). See Odneal, 161 S.W.3d at 697; Barcenas
v. State, 137 S.W.3d 865, 866 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Accordingly,
we dismiss this appeal as it fails to properly invoke our jurisdiction.

 APPEAL DISMISSED.

 ________________________________

 CHARLES KREGER

 Justice


Submitted on July 14, 2005 

Opinion Delivered October 12, 2005

Do not publish 


Before McKeithen, C.J., Gaultney, and Kreger, JJ.

1. The indictment incorrectly labels as "count" each allegation as to how Daniels
committed the single offense of aggravated assault. Each separate offense (count) in an
indictment may contain as many separate paragraphs charging the same offense as
necessary. See Tex. Code Crim. Proc. Ann. art. 21.24(b) (Vernon 1989); Hathorn v.
State, 848 S.W.2d 101, 113 (Tex. Crim. App. 1992); Aguirre v. State, 732 S.W.2d 320,
325-26 (Tex. Crim. App. 1982)(op. on reh'g). The term "count" is used to charge the
offense itself, and a "paragraph" is a portion of a "count," which charges a method of
committing the offense. See Renfro v. State, 827 S.W.2d 532, 535-36 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). 
2. We note the holding that when a defendant fails to correct a factually incorrect
statement or erroneous recollection made by the trial judge, the defendant fails to preserve
error for later review. See Loredo v. State, 159 S.W.3d 920, 923-24 (Tex. Crim. App.
2004). Had there truly been no "agreement" between the parties, Daniels was obligated
to draw the trial court's attention to the error so that the judge may have had the
opportunity to make an "error-free" ruling. Id. at 924.