In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-059 CR


____________________



MICHAEL COCHRAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. CR-24656






MEMORANDUM OPINION


 Appellant Michael Cochran (1) pled guilty without a plea bargain to sexual assault of
a child. See Tex. Pen. Code Ann. § 22.011(a)(2)(B) (Vernon Supp. 2005). The record
contains Cochran's written waiver of his right to appeal. Before accepting Cochran's
guilty plea, the trial court admonished him of the consequences, including the range of
punishment applicable to the offense charged. After conducting a sentencing hearing, the
trial court sentenced Cochran to eighteen years of confinement, which is within the
statutory range of punishment for the offense. See Tex. Pen. Code Ann. § 22.011(f)
(Vernon Supp. 2005); Tex. Pen. Code Ann. § 12.33(a) (Vernon 2003). Cochran filed
this appeal, in which he contends the trial court failed to consider the full range of
punishment. We dismiss for want of jurisdiction. 

 The defendant in a noncapital case may waive any of the rights secured him by law. 
Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon 2005). Even without a plea bargain
agreement, a waiver of the right to appeal that is freely and voluntarily made is binding
upon the appellant. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The
trial court's permission is required before a defendant may appeal after waiving his right
to appeal. Id. The recitations in a certification of the right to appeal must be true and
supported by the record. Odneal v. State, 161 S.W.3d 692, 694 (Tex. App.--Beaumont
2005, no pet.); Barcenas v. State, 137 S.W.3d 865, 865-66 (Tex. App.--Houston [1st
Dist.] 2004, no pet.); Waters v. State, 124 S.W.3d 825, 826 (Tex. App.--Houston [14th
Dist.] 2003, pet. ref'd).

 During the hearing on Cochran's plea, the trial court admonished Cochran as
follows: "Finally and very importantly, Mr. Cochran, if I deem that a conviction is
appropriate here and there's sufficient evidence for that, you'll be giving up your right to
appeal a conviction if I make that decision." On the same date, Cochran executed a
written waiver of his right to appeal. By a handwritten notation, the trial court's
certification indicates Cochran has the right to appeal "solely as to punishment." 

 We find nothing in the record indicating the trial court gave Cochran permission to
appeal. We do not construe the handwritten notation on the certification order as granting
permission to appeal. See generally Iles v. State, 127 S.W.3d 347, 350-51 (Tex. App.--Houston [1st Dist.] 2004, no pet.) (Trial court's granting of appellant's request for
appointed counsel and a free record on appeal did not constitute permission to appeal.);
Betz v. State, 36 S.W.3d 227, 229 (Tex. App.--Houston [14th Dist.] 2001, no pet.)
(Notation on trial court's docket sheet indicating defendant filed a notice of appeal was not
tantamount to permission to appeal.). Cochran waived his right to appeal after being
admonished in open court that he was doing so. Therefore, the trial court's certification
is incorrect. We dismiss this appeal for want of jurisdiction. See Tex. R. App. P.
25.2(a)(2).

 APPEAL DISMISSED FOR WANT OF JURISDICTION. 



 ___________________________

 STEVE McKEITHEN 

 Chief Justice

Submitted on November 15, 2005

Opinion Delivered January 18, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Various documents in the appellate record also refer to appellant as "Michael
Dwayne Cochran."