lee, elmer edward v. state 









                                        NO. 12-06-00386-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

RAY
CHARLES HAWKINS,            §          APPEAL FROM THE 114TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM








            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
indecency with a child, and punishment was assessed at imprisonment for twenty
years.  Thereafter, Appellant filed a
notice of appeal, which was untimely, and this court dismissed the appeal for
want of jurisdiction.  Hawkins v.
State, No. 12-94-00028-CR (Tex. App.–Tyler Feb. 17, 1994, no pet.)
(per curiam) (not designated for publication). 
On Appellant’s application for writ of habeas corpus, the court of
criminal appeals granted him an out of time appeal.  Ex parte Hawkins, No. AP-75,521
(Tex. Crim. App. Oct. 4, 2006) (per curiam) (not designated for
publication).  Appellant then timely
filed his notice of appeal.  








            To be sufficient to invoke the appellate court’s full
jurisdiction, the notice of appeal filed by an appellant in a criminal case
must bear the trial court’s certification of the appellant’s right to appeal
under Texas Rule of Appellate Procedure 25.2(a)(2).  Tex.
R. App. P. 25.2(d); see also Odneal v. State, 161 S.W.3d
692, 694 (Tex. App.–Beaumont 2005, pet. ref’d) (noting that trial court
certification is required when court of criminal appeals grants out of time
appeal).  The certification should be
part of the record when the notice is filed, but may be added by timely
amendment or supplementation.  Id.  Appellant’s notice of appeal does not include
the required certification.

            On November 10, 2006, this court notified Appellant
through his counsel, pursuant to Texas Rules of Appellate Procedure 25.2 and
37.1, that the notice of appeal does not include the trial court
certification.  The notice also informed
Appellant that the appeal would be dismissed unless, on or before December 11,
2006, the clerk’s record was amended to include the required certification.

            The deadline for responding to this court’s notice has
expired, and the clerk’s record has not been amended to show Appellant’s right
to appeal.  Therefore, the appeal is dismissed
for want of jurisdiction.

Opinion
delivered January 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)