NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 20, 2008
                                       ______________________________

CARL PINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HONORABLE FELIX KLEIN, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, appellant Carl Pinner was convicted by jury of
aggravated sexual assault and sentenced to life imprisonment. While orally announcing
intent to appeal, appellant’s trial counsel failed to timely file a written notice of appeal on
appellant’s behalf prior to withdrawing from representation. On appellant’s application for
writ of habeas corpus, the Court of Criminal Appeals granted him the opportunity to file an
out-of-time appeal. Ex parte Carl Pinner, No. AP-75, 802 (Tex.Crim.App. December 5,
2007) (per curiam) (not designated for publication). Appellant then timely filed his notice
of appeal. 
          The clerk’s record filed on March 10, 2008 contains the Trial Court’s Certification of
Defendant’s Right of Appeal. The certification form, however, is not signed by appellant
as required by Texas Rule of Appellate Procedure 25.2(d), nor does it contain the required
admonitions of appellant’s rights.


 The trial court certification is required even when the
Court of Criminal Appeals grants an out-of-time appeal. Odneal v. State, 161 S.W.3d 692,
694 (Tex.App.–Beaumont 2005, pet. ref’d) (viewing the Court’s habeas corpus relief as
“turning the clock back” to the day of conviction, and providing appellant the opportunity
to timely file notice of appeal, “at which point the requirements of the Rules of Appellate
Procedure come into effect”).



          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. On remand, the trial court shall utilize whatever means necessary to
secure a Certification of Defendant’s Right of Appeal in compliance with Texas Rule of
Appellate Procedure 25.2(d), as presently in effect. This action is to be taken not later than
April 21, 2008. Once properly executed, the certification shall be included in a
supplemental clerk’s record and filed with this Court on or before May 1, 2008.
          It is so ordered. 
 
                                                                                      Per Curiam
                                                                                                
 
 
 
Do not publish.