NO. 07-08-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 20, 2008
_____

CARL PINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3748; HONORABLE FELIX KLEIN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Carl Pinner was convicted by jury of aggravated sexual assault and sentenced to life imprisonment. While orally announcing intent to appeal, appellant's trial counsel failed to timely file a written notice of appeal on appellant's behalf prior to withdrawing from representation. On appellant's application for writ of habeas corpus, the Court of Criminal Appeals granted him the opportunity to file an out-of-time appeal. *Ex parte Carl Pinner,* No. AP-75, 802 (Tex.Crim.App. December 5,

2007) (per curiam) (not designated for publication).  Appellant then timely filed his notice of appeal.

The clerk's record filed on March 10, 2008 contains the Trial Court's Certification of Defendant's Right of Appeal.  The certification form, however, is not signed by appellant as required by Texas Rule of Appellate Procedure 25.2(d), nor does it contain the required admonitions of appellant's rights.[1]  The trial court certification is required even when the Court of Criminal Appeals grants an out-of-time appeal.  *Odneal v. State,* 161 S.W.3d 692, 694 (Tex.App.–Beaumont 2005, pet. ref'd) (viewing the Court's habeas corpus relief as "turning the clock back" to the day of conviction, and providing appellant the opportunity to timely file notice of appeal, "at which point the requirements of the Rules of Appellate Procedure come into effect").[2]

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Texas Rule of

---

[1]  Texas Rule of Appellate Procedure 25.2(d) was amended, effective September 1, 2007, to require that the defendant sign the certification and receive a copy.  By signing the amended certification, an appellant also acknowledges he has been advised of certain rights concerning appeal.

[2] The Court of Criminal Appeals' opinion granting appellant habeas corpus relief contains language very similar to that quoted from the Court of Criminal Appeals' habeas corpus opinion in *Odneal*, 161 S.W.3d at 694.  In appellant's case, the Court of Criminal Appeals said, "[Appellant] is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should [appellant] desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues."

Appellate Procedure 25.2(d), as presently in effect. This action is to be taken not later than April 21, 2008. Once properly executed, the certification shall be included in a supplemental clerk's record and filed with this Court on or before May 1, 2008.

It is so ordered.

Per Curiam

Do not publish.