In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-019 CR


____________________



RAMON DE HOYOS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court 


Jefferson County, Texas


Trial Cause No. 97735






MEMORANDUM OPINION


 Ramon De Hoyos pled guilty to the second-degree felony offense of burglary of a
habitation. The trial court sentenced De Hoyos to fifteen years of confinement in the Texas
Department of Criminal Justice - Correctional Institutions Division. This sentence was
ordered to run concurrently with sentences assessed in three other causes which were
disposed of in the same sentencing proceeding. The trial court certified De Hoyos's right of
appeal purportedly because this case did not involve a plea bargain. A reporter's record was
prepared of the entire plea and sentencing proceedings. Appellate counsel now raises four
issues for our consideration. However, as we conclude the trial court's certification is
erroneous because of the existence of an agreed punishment recommendation between De
Hoyos and the State, we dismiss the appeal for want of jurisdiction. See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

 The record indicates that De Hoyos pleaded guilty in exchange for the State's
recommendation that the sentence run concurrently with the three other sentences also
assessed during the sentencing proceedings. (1) The trial court followed the punishment
recommendation. In a plea-bargain case -- a case in which a defendant's plea was guilty .
. . and the punishment assessed did not exceed the punishment recommended by the State and
agreed to by the defendant -- the defendant may appeal only:

 (A) those matters that were raised by written motion filed and ruled on before
trial, or

 (B) after getting the trial court's permission to appeal. 


See Tex. R. App. P. 25.2(a)(2).

 A reviewing court that has an appellate record is "obligated to review that record in
ascertaining whether the certifications were defective." Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005); Odneal v. State, 161 S.W.3d 692, 694 (Tex. App.--Beaumont 2005,
pet. ref'd). A certification is defective if it is correct in form "but which, when compared
with the record before the court, proves to be inaccurate." Dears, 154 S.W.3d at 614; see
also Saldana v. State, 161 S.W.3d 763, 764 (Tex. App.--Beaumont 2005, no pet.). If a
defendant is sentenced pursuant to the agreed terms of a plea bargain and does not satisfy
either of the exceptions stated in Rule 25.2(a)(2), the defendant has no right of appeal
regardless of the grounds asserted, and no inquiry into even possibly meritorious claims may
be made. See Chavez, 183 S.W.3d at 680. 

 In Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003), the Court of
Criminal Appeals described two types of plea-bargaining in the United States: charge-bargaining and sentence-bargaining. Sentence-bargaining may occur when the parties place
before the trial court binding or non-binding recommendations on sentences, including a
recommended "cap" on sentencing or a recommendation for deferred adjudication
community supervision. Id. "[S]entence-bargaining involves punishment, and . . . charge-bargaining affects punishment." Id. 

 An agreement to permit multiple sentences to run concurrently, rather than leave it to
the trial court's sentencing discretion to order the sentences to run consecutively, is an agreed
plea bargain for purposes of Tex. R. App. P. 25.2(a)(2). See State v. Moore, 240 S.W.3d 248,
250 (Tex. Crim. App. 2007) ("It is safe to conclude that plea agreements may contain a
variety of stipulations and assurances, depending on the desires of the State and the
defendant."). See generally Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2007); Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006); State v. Crook, No. PD-0001-07, 2008 WL
313626 (Tex. Crim. App. Feb. 6, 2008); Barrow v. State, 207 S.W.3d 377, 379-80 (Tex.
Crim. App. 2006). 

 From the record before us, this was a plea-bargained case. The trial court's
certification was, therefore, incorrect. Because the record does not reflect any rulings
adverse to De Hoyos stemming from written pretrial motions, or that De Hoyos had the trial
court's permission to appeal notwithstanding the plea bargain, we lack jurisdiction over this
appeal and must dismiss it. Chavez, 183 S.W.3d at 680. 

 APPEAL DISMISSED FOR WANT OF JURISDICTION. 

 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 25, 2007

Opinion Delivered April 30, 2008

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.

DISSENTING OPINION


 In its opinion, the majority holds that we do not have jurisdiction because the trial
court certified that this was not a plea-bargain case when the record showed that it was. I
disagree that the record reflects the defendant's sentence was the product of a plea bargain. 
Therefore, in my opinion, the trial court's certification was correct and as a result we have
jurisdiction to review the merits.

 The majority opinion acknowledges that the trial court entered a certification that this
was not a plea-bargain case. The majority omits to mention that the record contained a
written document titled "Unagreed Punishment Recommendations," in which the State
recommended a twenty year sentence. Further, at the sentencing hearing the State
recommended twenty years, not the fifteen that De Hoyos received. I do not agree with the
majority that the trial court followed the punishment recommendation. 

 In reaching the conclusion that this was an agreed punishment, the majority appears
to rely solely on the following statements made at the sentencing hearing. 

 Court: In as much as Mr. De[ Hoyos] has entered pleas of true,
we would ask that the Court will consider the underlying
circumstances of the other felony offense. He has two
burglaries -- he has two aggravated assaults on burglaries
of habitations. That's what he's pled true to.


 State: Yes, sir.


 Court: You are at liberty to comment about those cases, if you
care to.


 State: . . . .


 The consideration that I gave to Mr. De[ Hoyos] in the
offer was that I agreed that the cases should run
concurrent. And I actually don't know that - I think
there's victims out there that want more than that; but I
have taken into consideration, the fact that he has no
prior felony convictions, his age, the drugs, things of that
nature. I'll take them all into consideration as mitigating
factors, Judge; and the fact, and probably most
importantly, the fact that he's 'fessed up to everything
from the beginning. But that being said, the crimes he's
committed are serious and I recommend 20 years in the
penitentiary.


 Thus, at the moment the State's prosecutor mentioned the existence of a purported
agreement, he immediately corrected himself and stated, "And I actually don't know that." 
Therefore, in my opinion, the trial judge likely relied on the written documents regarding
punishment, and not the equivocal statement made by the prosecutor regarding the existence
of an agreement. In conclusion, I do not agree that the prosecutor's statements at the
sentencing hearing support the conclusion that the trial court's sentence was the product of
an agreement. 

 The additional written documents concerning De Hoyos's sentence, the unagreed
punishment recommendation, the judgment, and the notice of appeal, all reflect that there
was no agreement concerning De Hoyos's sentence. I would hold that we have jurisdiction
to reach the merits of De Hoyos's alleged error. Because the majority holds the record
reflects otherwise, I dissent. 

 ______________________________

 HOLLIS HORTON

 Justice

Dissent Delivered

April 30, 2008
1. If indeed there had been no agreed punishment recommendation between De Hoyos
and the State, De Hoyos was obligated to draw that fact to the trial court's attention so that
the judge may have had the opportunity to make an "error-free" ruling. See Loredo v. State,
159 S.W.3d 920, 923-24 (Tex. Crim. App. 2004).