145 S.W.3d 645 (2004)
James Edwin GRIFFIN, Appellant,
v.
The STATE of Texas.
No. 1092-03.
Court of Criminal Appeals of Texas, En Banc.
September 29, 2004.
Page E. Janik, Houston, for Appellant.
Donald W. Rogers, Jr., Asst. District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.
Before the Court en banc.

OPINION
JOHNSON, J., joined by KELLER, P.J., and PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., delivered the opinion of the Court.
On January 7, 2003, appellant James Edwin Griffin plead guilty to the felony offense of burglary of a habitation with intent to commit theft. Appellant had filed no written pretrial motions. In accordance with a plea agreement, the trial court assessed appellant's punishment at confinement in the institutional division of the Texas Department of Criminal Justice for a period of ten years. Appellant then filed a timely pro se notice of appeal without seeking the trial court's permission to do so or complying with Tex. Rule App. Proc. 25.2(a)(2). Before appellant had filed his brief on the merits, the court of appeals dismissed the appeal for want of jurisdiction. Griffin v. State, No. 06-03-00071-CR (Tex.App.-Texarkana, delivered April 17, 2003)(not designated for publication). It also denied his subsequent motion *646 for rehearing. This Court granted appellant's petition for discretionary review.
In his sole ground for review,[1] appellant argues that the court of appeals erred in dismissing his appeal prior to briefs being filed on the merits because he is entitled to raise jurisdictional matters on direct appeal. He contends that the current Texas Rule of Appellate Procedure 25.2(a)(2) abridges his substantial right provided by the Texas Code of Criminal Procedure Article 44.02 to appeal jurisdictional matters, and thus, Rule 25.2(a)(2) is invalid.
Neither the United States nor Texas constitution guarantees the right to appeal state criminal convictions. McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). A defendant's right to appeal is granted only by statute. Article 44.02 provides that "[a] defendant in any criminal action has the right of appeal under the rules hereafter prescribed." TEX.CODE CRIM. PROC., ART. 44.02. In the past, the courts have interpreted Article 44.02 and its predecessors very broadly and recognized that the right to appeal bestowed by the legislature, "should be denied only where the express mandate of the law so requires." See Lemmons v. State, 818 S.W.2d 58, 60 (Tex.Crim.App.1991), quoting Young v. State, 146 Tex.Cr.R. 220, 172 S.W.2d 500, 501 (1943). Such broad interpretation led to rulings that impermissibly altered the legislatively created right to appeal.
In 1972, this Court held in Helms v. State that "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." Helms v. State, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). In practice, the Helms Rule "discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits." Lyon v. State, 872 S.W.2d 732, 734 (Tex.Crim.App.1994)(citing Morris v. State, 749 S.W.2d 772, 779 (Tex.Crim.App.1986)).
In response to Helms, the legislature amended Article 44.02 in 1977:
provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX.CODE CRIM. PROC. ANN. ART. 44.02 (Vernon 1979), repealed 1998 (emphasis added).
The intent of the 1977 amendment was to eliminate appeals in which the defendant had entered a plea of guilty or nolo contendere before the court as part of a plea bargain and the punishment assessed did not exceed that agreed upon. Cooper v. State, 45 S.W.3d 77, 80 (Tex.Crim.App.2001). Thus, the 1977 amendment legislatively countered the practical result of Helms by discouraging the trial of cases solely to preserve an issue for appeal and, by recognizing that even plea-bargaining defendants could appeal rulings on written *647 pretrial motions, also encouraged guilty pleas.
In 1985, the legislature authorized this Court to repeal sections of the Code of Criminal Procedure[2] and promulgate rules of post-trial, appellate, and review procedures in criminal cases. TEX. GOV'T CODE § 22.108(a). However, the grant of rule-making authority was limited, and the Court may not by those rules "abridge, enlarge, or modify the substantive rights of a litigant." Id.
Pursuant to this rule-making authority, this Court promulgated TEX. RULE OF APP. PROC. 40(b)(1), which used language very similar to Article 44.02's proviso[3] and was based on the assumption that "the body of case law construing the proviso [of Article 44.02] would prevail and still control." Cooper v. State, 45 S.W.3d at 85 (citations omitted). "Rule 40(b)(1) was designed to focus on `how' an appeal is perfected rather than to bestow any right of appeal, which this Court lacks power to provide in the first instance." Lemmons v. State, 818 S.W.2d at 62 (emphasis in original). "We ha[d] to interpret Rule 40(b)(1) this way so as not to modify a defendant's substantive right of appeal that previously existed under the proviso to Article 44.02." Lyon v. State, 872 S.W.2d at 736.
In spite of Lyon, this Court has, in the past, recognized the right of a defendant who plead guilty pursuant to a plea agreement, but who did not comply with Rule 40(b)(1), to still raise on appeal issues of jurisdiction and voluntariness of a plea. See Flowers v. State, 935 S.W.2d 131, 133-34 (Tex.Crim.App.1996).
After Flowers, in 1997, this Court replaced Rule 40(b)(1) with Rule 25.2(b)(3),[4] which continued the unauthorized exception for jurisdictional complaints. In 2002, this Court deleted Rule 25.2(b)(3) and inserted the two exceptions authorized in Rule 40(b)(1) into Rule 25.2 as subsection (a)(2). That rule currently provides that:
A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. *648 The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain casethat is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendanta defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court's permission to appeal.
TEX.R.APP. P. ANN. 25.2(a)(2) (emphasis added).[5] The current rule thus conforms to the original statutory limits on a defendant's right to appeal as set out in Rule 40(b)(1).
In 2001, this Court addressed a similar issue when we revisited the holding of Flowers that the voluntariness of a plea may be challenged on appeal. See Cooper, 45 S.W.3d at 81-3. We held that "the holding of Flowers will not be applied to our new rule for notice of appeal by a defendant in a plea-bargained, felony case. Like the 1977 statute, Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal." Id. at 83. We also acknowledged our inappropriate interpretation of the proviso: "by [our] decision in Flowers that allows an appeal in a plea-bargained, felony case, this Court modified and enlarged the right to appeal." Id. at 81. (emphasis in original)
Although in Cooper this Court did not expressly address appeals of jurisdictional defects, the outcome of this issue was discussed by Judge Womack in his concurrence in Ramirez:
the decision about allowing appeals of jurisdictional defects must be the same as the decision we made about allowing appeals of voluntariness: The legislature forbade it in 1977, and to permit it would completely frustrate the statute, which had "the legislative purpose of eliminating meritless appeals." [citing Cooper, supra] What we said about plea-bargainers' appeals of voluntariness is just as true about this appeal of a jurisdictional defect[.]
Ramirez v. State, 104 S.W.3d 549, 552 (Tex.Crim.App.2003)(Womack, J., concurring).
The plain language of the 1977 amendment to Article 44.02 includes nothing to indicate that the legislature intended to exempt jurisdictional issues from the general limits of the proviso. Therefore, the current Rule 25.2 merely carries out the purpose of the legislature's original rule: to eliminate meritless appeals after the trial court accepted the terms of a plea agreement. "As the legislature saw it, the restrictions of the 1977 proviso applied to any matter in the case, without limitation." Cooper, 45 S.W.3d at 80. Jurisdictional matters may be raised on appeal if they fit within the limited right of appeal granted *649 by the legislature, or they may be litigated by writ of habeas corpus.
The language of the current Rule 25(a)(2) and the 1977 proviso of Article 44.02 are substantially the same. Because the right to appeal is guaranteed only by statute and because the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional issues that fall outside of the statutory exceptions, we are led to the conclusion that the requirements of the current Rule 25(a)(2) are consistent with the initial legislative intent and do not impermissibly abridge the right to appeal. We overrule appellant's ground for review.
The judgment of the court of appeals is affirmed.
MEYERS, J., not participating.
NOTES
[1] Appellant incorrectly designated this as his sole "point of error." See Tex. Rule App. Proc 68.4(f), which provides that the petition for review must contain and state briefly the "grounds" on which the petition is based.
[2] Currently, Sec. 9(a) reads:

The court of criminal appeals may designate for repeal any law listed in Subsection
(b) of this section if:
(1) the court promulgates a comprehensive body of rules of evidence in the trial of criminal cases under Section 2 of this Act on or before January 1, 1986; and
(2) at the time the court promulgates the rules, the court files with the secretary of state a list of statutes repealed under this section.
[3] Rule 40(b)(1) read:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. TEX.R.APP. P. ANN. 40(b)(1), repealed 1998 (emphasis added).
[4] But if the appeal is from a judgment rendered on a defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15 and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(a) specify that the appeal is for a jurisdictional defect;
(b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or....
[5] Pursuant to that version of the Rule 25.2(b), in Monreal we stated,

Under Young [8 S.W.3d 656 (Tex.Crim.App.2000)] and ... Rule 25.2(b), both bargaining and non-bargaining defendants can appeal rulings on written, pre-trial motions as well as jurisdictional issues. However, a non-bargaining defendant pleading guilty may be able to appeal an error not raised on a written pre-trial motion, if it is otherwise preserved and survives Young. A bargaining defendant would be required to obtain the trial court's consent to appeal the same issue. In this way, the consent requirement does limit a bargaining defendant's ability to appeal more than a non-bargaining defendant.
Monreal v. State, 99 S.W.3d 615, 620 (Tex.Crim.App.2003).