NO. 07-04-0316-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 29, 2004

_____

BRANDON R. MONDINE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,348; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Brandon R. Mondine appeals his conviction for possession of a controlled substance with intent to deliver. He filed a timely pro se notice of appeal and "Pauper's Oath for Appeal" with the trial court on June 4, 2004. After appellant filed his notice of appeal, the trial court ordered that the record for appeal be prepared and filed at no cost to appellant.  In a letter received by the clerk of this court appellant states that he has no

funds to hire an attorney and requests assistance in obtaining appointment of counsel on appeal.

Appellant pled guilty in accordance with a plea bargain and confessed to the accusations in the indictment. Upon determining that his plea was knowing and voluntary, the trial court found him guilty of the offense and assessed punishment within the range recommended by the prosecutor. As part of the bargain, appellant also waived his right to appeal.

Rule 25.2 of the Texas Rules of Appellate Procedure requires the trial court to certify whether or not the appellant has the right to appeal. In a plea bargain case in which the defendant's plea is guilty or nolo contendere and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); Tex. R. App. P. 25.2 (a)(2). The record does not indicate any pretrial motions were filed or ruled on before the final hearing. Neither does it contain permission from the trial court to appeal.[1]

---

[1]We note that under the recent decision, *Griffin v. State*, No. 1092-03, 2004 Tex. Crim. App. LEXIS 1614 (Tex.Crim.App. Sept. 29, 2004), only matters raised in motions filed and ruled on before trial may be appealed unless permission is given by the trial court. Jurisdictional defects are no longer exempted from the requirements of Texas Rule of Appellate Procedure 25.2(a)(2) and must be raised by a writ of *habeas corpus*. *Griffin v. State*, 2004 Tex.Crim.App. LEXIS 1614 at *10.

If the record does not contain the certification required by Rule 25.2, that the defendant has a right to appeal, the appeal must be dismissed. Tex. R. App. P. 25.2(d). Here the trial court certified that the defendant has no right of appeal and that the defendant has waived the right of appeal.[2]

Because appellant has no right of appeal to this court, we do not consider appellant's request for appointment of counsel on appeal. Tex. Code Crim. Proc. Ann. art. 1051(d) (Vernon Supp. 2004-05). Accordingly, the appeal is dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d).

James T. Campbell
Justice

Do not publish.

---

[2]In addition, a supplemental clerk's record has been filed with this court containing a letter from appellant to the trial court requesting appointment of counsel. The trial court has written, on the face of the letter, "This was a plea bargain and the court does not give permission to appeal. No attorney will be appointed." *See* Tex. R. App. P. 34.5(c)(3).