In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00111-CR
____________

JOSEPH NATHAN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1004336



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of attempted robbery and, in
accordance with the plea bargain agreement, the State abandoned the enhancement
paragraph that alleged appellant had a prior felony conviction and the trial court
sentenced appellant to confinement for two years. Appellant filed a timely pro se
notice of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-03, slip op. 9 (Tex. Crim. App. Jan. 26, 2005). We must dismiss
an appeal if the trial court’s certification shows there is no right to appeal. See Tex.
R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish. Tex. R. App. P. 47.2(b).