In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00112-CR
          01-05-00113-CR
____________

JENNIFER LYLES LAVERGNE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 980065 and 956971



 
MEMORANDUM OPINION
               Appellant, Jennifer Lyles Lavergne, pleaded guilty to the offenses of injury
to a child in cause number 956971 and bail jumping in cause number 980065. In
accordance with the plea bargain agreement, the trial court sentenced appellant to
confinement for 14 years in the injury-to-a-child case and confinement for eight years
in the bail-jumping case. Appellant filed a timely notice of appeal in case. We
dismiss the appeals for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certifications. Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-03, slip op. 9 (Tex. Crim. App. Jan. 26, 2005). We must
dismiss an appeal if the trial court’s certification shows there is no right to appeal. 
See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).