In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00169-CR
____________

BRUNO TOWA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from
County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 126917



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of Class B misdemeanor theft and,
in accordance with the plea bargain agreement, the trial court sentenced appellant to
jail confinement for 90 days. Appellant filed a timely notice of appeal. We dismiss
for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-03, slip op. 9 (Tex. Crim. App. Jan. 26, 2005). We must dismiss
an appeal if the trial court’s certification shows there is no right to appeal. See Tex.
R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).