In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00322-CR
____________

ROCKY EUSEBIO VALDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas 
Trial Court Cause No. 0972593



 
 MEMORANDUM OPINION
                 Appellant was indicted for the offense of capital murder and pleaded guilty
to the reduced offense of murder. In accordance with the plea bargain agreement, the
trial court sentenced appellant to confinement for 50 years. We dismiss for lack of
jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case 
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certification. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

                    Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Higley and Keyes. 

Do not publish. Tex. R. App. P. 47.2(b).