In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00537-CR
          01-05-00538-CR
____________

CHARLES SCHROEDER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
County, Texas
Trial Court Cause Nos. 1011348 and 1014611



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offenses of aggravated assault and
possession of a controlled substance and, in accordance with the plea bargain
agreement, the trial court sentenced appellant to confinement for two years on each
case. Appellant filed timely notices of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certification. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).