Opinion issued July 20, 2006                                                            








 




In The
Court of Appeals
For The
First District of Texas
___________

NO. 01-05-00822-CR
____________

FRANCISCO JACINTO VELASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
 Harris County, Texas
Trial Court Cause No. 956278



 
MEMORANDUM OPINION
          Appellant, Francisco Jacinto Velasquez, pleaded guilty to the felony offense
of indecency with a child and, in accordance with his plea bargain agreement with
the State, the trial court deferred a finding of guilt and placed appellant on community
supervision for seven years, and assessed a fine of $700. 
          The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true. At the time of his plea of true, appellant entered into a written
stipulation of evidence and plea agreement with the State as to punishment. The plea
agreement form was signed under oath by the appellant and contained a written
waiver of constitutional rights, agreement to stipulate to evidence, and judicial
confession. The document provided, among other things, as follows:
On the 23rd day of October, 2003, in Harris County Texas,
I received deferred adjudication for the felony offense of
indecency with a child by contact in the 184th District
Court of Harris County, Texas, and was granted adult
probation for a period of seven years, conditioned among
other things that: I report to the probation officer as
directed, not less that once a month and on the same day of
each succeeding month until being discharged from
probation.
 
I violated the terms and conditions of said probation in that
I failed to reprot to the Community Supervision Office as
instructed for the months of August 2004, September 2004,
and November 2004.
 
I intend to enter a plea of true and the prosecutor will
recomment that my punishment be set at three years TDC.

The document was also signed by appellant’s counsel, the prosecutor and the trial
court. 
          The trial court proceeded to find true the State’s allegation that appellant had
violated the conditions of his community supervision by failing to report to the
probation officer as directed, not less that once a month and on the same day of each
succeeding month until discharged from probation. And in accordance with
appellant’s plea bargain agreement with the State, the trial court found appellant
guilty of the original charge, and sentenced him to confinement for three years.
Appellant filed a timely pro se notice of appeal.
           In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001).
          The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).    
           
          Accordingly, the appeal is dismissed.

          Any pending motions are dismissed as moot.

                              PER CURIAM

Panel consists of Chief Justice Radack, and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).