Appellant=s Motion for Rehearing Overruled; Appellant=s Motion for En
Banc Reconsideration Overruled; Memorandum Opinion of May 4, 2006, Withdrawn;
Dismissed and Substitute Opinion filed July 20, 2006








Appellant=s Motion for Rehearing Overruled; Appellant=s Motion for En Banc Reconsideration Overruled;
Memorandum Opinion of May 4, 2006, Withdrawn; Dismissed and Substitute Opinion
filed July 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00551-CR

_______________

 

AARESH A. JAMSHEDJI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal Court
at Law No. 13

Harris County, Texas

Trial Court Cause No. 5422

                                                                                                                                               


 

S U B S T I T U T E   O P I N I O N

Appellant=s motions for rehearing and rehearing
en banc are overruled, our opinion issued in this case on May 4, 2006, is
withdrawn, and the following substitute opinion is issued in its place.








Aaresh A. Jamshedji appeals the
revocation of his deferred disposition by the municipal court of record on the
grounds that the trial court erred by revoking it:  (1) sua sponte; (2)
without advance notice; (3) without evidence; (4) without an evidentiary
hearing; (5) without allocating the appropriate burden of proof; (6) under an
unconstitutional statute; and (7) under an ambiguous order.  We dismiss for
lack of jurisdiction.

On February 26, 2004, appellant was
charged with the offense of speeding, entered a plea of nolo contendere, waived
a trial by jury, requested and was granted deferred disposition pursuant to
article 45.051 of the Texas Code of Criminal Procedure,[1]
and did not appeal that order.  However, on July 26, 2004, appellant appeared
before the municipal court,[2] which, after
hearing argument from appellant and the State, revoked appellant=s deferred disposition, adjudged him
guilty of the charged offense, and assessed a fine of $115, plus $85 in court
costs.[3]  Appellant
appealed to the county criminal court,[4] which
determined that it lacked jurisdiction and dismissed his appeal.

An appellant has the right to appeal
a municipal court of record judgment to the court of appeals if the fine
assessed exceeds $100 and the judgment is affirmed by the county court.  See
Tex. Gov=t Code Ann. ' 30.00027 (a) (Vernon 2004).  Here, however, instead of
affirming the judgment of the municipal court, the county criminal court
dismissed the appeal for lack of jurisdiction.  Because an appellant has a
right to appeal only to the extent provided by statute[5]
and a right of appeal to this court exists only where a conviction in municipal
court has been affirmed by the county court, there is no jurisdiction where, as
here, the judgment has instead been dismissed by the county court.








In addition, when chapter 45 of the
Code of Criminal Procedure, governing municipal courts, does not provide a rule
of procedure relating to any aspect of a case, the other general provisions of
the code are to be applied as necessary.  See Tex. Code Crim. Proc. Ann. art. 45.002 (Vernon Pamphlet
2005).  Article 45.051 allows adjudication to be deferred and defendants placed
under supervision in much the same way as section 5 of article 42.12 of the code. 
Id.  arts. 42.12, 45.051 (Vernon Pamphlet 2005).  Texas law does not
provide for the direct appeal from a trial court=s determination to proceed to
adjudication when a defendant violates conditions of community supervision
under article 42.12.  See id. art. 42.12 ' 5(b); see also Hogans v. State,
176 S.W.3d 829, 832 (Tex. Crim. App. 2005).  We can find no legal authority or
rationale to conclude that a greater right of appeal exists with regard to
article 45.051 than article 42.12.  Accordingly, we have no jurisdiction to
hear this appeal, and it is dismissed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Substitute
Opinion filed July 20, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Publish C Tex.
R. App. P. 47.2(b).









[1]           See
Tex. Code Crim. Proc. Ann. art. 45.051(a) (Vernon Pamphlet 2005).





[2]           Our record does not indicate what
precipitated this appearance.  However, the trial court noted that the hearing
was held in response to appellant=s
motion to hold hearing before revocation.





[3]           Cause no. 07675431-6-1, Municipal Court No.
12, City of Houston, Harris County, Texas.  





[4]           Appeal No. 5422, County Criminal Court at
Law No. 13, Harris County, Texas.  A defendant has the right of appeal from a
judgment or conviction in a municipal court of record to the county criminal
court.  See Tex. Gov=t
Code Ann. ' 30.00014(a) (Vernon Supp. 2005).





[5]           Griffin v. State, 145 S.W.3d 645,
646 (Tex. Crim. App. 2004).