In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00890-CR

____________


LOUIS CHARLES BUNDAGE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 3 

Harris County, Texas

Trial Court Cause No. 1326466






MEMORANDUM OPINION

 Appellant pleaded no contest to the misdemeanor offense of theft of food
stamps and, in accordance with his plea bargain agreement with the State, the trial
court sentenced appellant to confinement for 60 days. Appellant filed a timely pro
se notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).