In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00306

____________


EDWIN CLARK NICHOLS. JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 3

Brazoria County, Texas

Trial Court Cause No. 154057






MEMORANDUM OPINION

 Appellant pleaded guilty to the misdemeanor offense harassment and, in
accordance with his plea bargain agreement with the state, the trial court sentenced
appellant to confinement for 180 days probated for 12 months and assessed a fine of
$300. Appellant filed a timely notice of appeal. 

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 We dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).