COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-260-CR

 

 

FRANCIS M. MCDOWELL                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

       FROM COUNTY
CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Francis M. McDowell is attempting to
appeal the county criminal court=s order
dismissing her appeal from a Fort Worth municipal court=s
judgment.  Because she has no right to
appeal from the county criminal court=s order,
we dismiss the appeal for want of jurisdiction.








On November 10, 2005, in a Fort Worth municipal
court, McDowell was convicted by a jury of maintaining a structure in a
substandard condition and was assessed a $2,000 fine, $52 in court costs, and a
$3 jury fee.  The municipal court judge
denied McDowell=s motion for new trial, and
McDowell appealed to the county criminal court. 
See Tex. Gov=t Code
Ann. ' 30.00014(a)
(Vernon Supp. 2006) (providing that the county criminal courts in the county in
which the municipality is located have jurisdiction of appeals from a municipal
court).  After considering the parties= briefs
and oral arguments, the county criminal court held that McDowell had failed to
timely file an appeal bond and dismissed the appeal for want of
jurisdiction.  See Tex. Gov=t Code Ann. '
30.00015 (Vernon 2004) (providing that a defendant not in custody may not
appeal the municipal court=s
judgment until the defendant files a timely and sufficient appeal bond with the
municipal court).  McDowell now attempts
to appeal the county criminal court=s
judgment to this court of appeals.








An appellant has the right to appeal to the court
of appeals if the fine assessed against the defendant exceeds $100 and if the
judgment is affirmed by the appellate court.  Tex.
Gov=t Code Ann. '
30.00027(a) (Vernon 2004).  Because the
county criminal court dismissed, rather than affirmed, McDowell=s
municipal court judgment, we notified McDowell that we were concerned that the
court may not have jurisdiction over this appeal because no statute authorizes
an appeal from the county criminal court=s
order.  We stated that unless appellant
or any party desiring to continue the appeal filed with the court within ten
days a response showing grounds for continuing the appeal, the appeal would be
dismissed for want of jurisdiction.

McDowell filed a response, arguing that the Apractical
consequence@ of the county criminal court=s
dismissal order was to affirm the municipal court=s
judgment.  She also argues, without
citation to authority, that the county criminal court should have included Aalternative
language@ in its
dismissal order reciting that the appeal was dismissed or, in the alternative,
the municipal court=s judgment was affirmed.  








Regardless of the Apractical
consequence@ of the county criminal court=s
dismissal order, there can be no dispute that the order did not address the
merits of the appeal and did not affirm the municipal court=s
judgment; instead, the order clearly states that the court lacked jurisdiction
to consider the appeal and that the appeal was therefore dismissed for want of
jurisdiction.  Neither the United States
nor Texas Constitutions provides that a defendant has a right to appeal a
criminal conviction; the right to appeal is created by statute.  McKinney v. State, 207 S.W.3d 366, 374
(Tex. Crim. App. 2006) (citing Griffin v. Illinois, 351 U.S. 12, 18, 76
S. Ct. 585, 590 (1956), and Griffin v. State, 145 S.W.3d 645, 646 (Tex.
Crim. App. 2004)).  The statute creating
the right to appeal from the municipal court=s
judgment provides that a defendant has the right to appeal to the court of
appeals if the judgment is affirmed by the appellate court.  Tex.
Gov=t Code Ann. '
30.00027(a).  McDowell=s
judgment was not affirmed; it was dismissed. 
Accordingly, under the plain language of the statute, she does not have
a right to appeal the dismissal order.  See
id.

Because there is no right to appeal from the
county criminal court=s dismissal of an appeal from a
municipal court, we dismiss this appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: October 18,
2007











[1]See Tex.
R. App. P.
47.4.