COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-198-CR

 

 

MANUEL FERNANDEZ                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On May 26, 2009, Appellant Manuel Fernandez was
convicted of burglary of a habitation, a second-degree felony, after pleading
guilty to the offense and pleading true to the enhancement paragraph.  See Tex. Penal Code Ann. ' 30.02(a),
(c)(2) (Vernon 2008).  Pursuant to a plea
agreement, the trial court sentenced him to ten years=
confinement, with the sentence to run concurrently Awith any
sentence currently being served,@[2] and
entered its certification of Fernandez=s right
to appeal in accordance with rule 25.2(a)(2). 
See Tex. R. App. P. 25.2(a)(2). 
The certification states that the case Ais a
plea-bargain case, and the defendant has NO right of appeal.@

On June 10, 2009, this court notified Fernandez
that the certification indicating that he had no right to appeal had been filed
in this court and that this appeal would be dismissed unless he or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal on or before June 22, 2009.  See
Tex. R. App. P. 25.2(a)(2), (d), 44.3. 
On June 15, 2009, we received a pro se response from Fernandez that does
not show any grounds for continuing the appeal.








Therefore,
in accordance with the trial court=s
certification, we dismiss the appeal.  See
Tex. R. App. P. 25.2(a)(2), 43.2(f); Cooper v. State, 45 S.W.3d 77, 81B82 (Tex.
Crim. App. 2001); see also Griffin v. State, 145 S.W.3d 645, 649 (Tex.
Crim. App. 2004) (stating that rule 25.2(a)(2)=s
requirements do not impermissibly abridge the right to appeal).

 

PER CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.;
and MEIER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]The punishment range for
a second-degree felony is imprisonment for any term of not more than twenty
years or less than two years and up to a $10,000 fine.  Tex. Penal Code Ann. ' 12.33 (Vernon
2003).  The written plea admonishments
indicate that the State offered Fernandez ten years= confinement, to run
concurrently with other cases being served.