*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00553-CV

## IN THE MATTER OF R.T.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009JUV01414A
Honorable Carmen Kelsey, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: April 14, 2010

DISMISSED FOR LACK OF JURISDICTION

R.T. entered into a plea bargain with the State on the State's Original Petition Alleging Delinquent Conduct. In accordance with the terms of the plea bargain agreement, the trial court signed an order of disposition placing R.T. on probation in the care, custody, and control of his mother. R.T. subsequently filed this appeal asserting: (1) the trial court erred in accepting his plea since the only evidence against him was uncorroborated accomplice witness statements; and (2) trial counsel failed to provide effective assistance of counsel. We first consider the State's challenge to our jurisdiction to consider this appeal.

"A child who enters a plea . . . may not appeal an order of the juvenile court entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition in accordance with the agreement

between the state and the child regarding the disposition of the case, unless: (1) the court gives the child permission to appeal; or (2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea." TEX. FAM. CODE ANN. § 56.01(n) (Vernon Supp. 2000). Compliance with section 56.01(n) is jurisdictional, and the failure to abide by its terms subjects an appeal to dismissal for want of jurisdiction. *See In re R.J.D.*, No. 04-06-00495-CV, 2006 WL 3497671, at *1 (Tex. App.—San Antonio Dec.6, 2006, no pet.) (mem. op.); *In re B.N.C.*, No. 04-02-00788-CV, 2003 WL 1232997, at *1 (Tex. App.—San Antonio Mar. 19, 2003, no pet.) (mem. op.); *see also Griffin v. State*, 145 S.W.3d 645, 648 (Tex. Crim. App. 2004) (enforcing statutory limits on right to appeal in criminal case). Because nothing in this record indicates that the trial court gave R.T. permission to appeal or that his appeal is based on a written motion filed before R.T. entered his plea, we dismiss this appeal for lack of jurisdiction.

Catherine Stone, Chief Justice