NO.
12-10-00394-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CODY
MONTGOMERY HEFNER,                '                 APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

MEMORANDUM OPINION OVERRULING
REHEARING

PER CURIAM

     On
November 24, 2010, we dismissed this appeal for want of jurisdiction based upon
the trial court’s certification that Appellant waived his right to appeal.  See
Hefner v. State, No. 12-10-00394-CR, 2010 WL 4813738, at *1 (Tex.
App.–Tyler Nov. 24, 2010, no pet. h.).  Appellant has filed a motion for
rehearing challenging the trial court’s jurisdiction.  He states in his motion
that he pleaded guilty pursuant to a plea agreement and the trial court
followed the plea agreement.

            In
a plea bargain case, a defendant must have permission of the trial court to
prosecute his appeal except on those matters that were raised by written motion
filed before trial.  Tex. Code Crim.
Proc. Ann. art. 44.02 (Vernon 2006); Tex.
R. App. P. 25.2(a)(2).  A plea bargain case is a case in which a
defendant’s plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant.  Tex. R. App. P. 25.2(a)(2). 
Appellant’s case, as he describes it in his motion for rehearing, falls within
this definition.

            In
a plea bargain case, “[j]urisdictional matters may be raised on appeal if they
fit within the limited right of appeal granted by the legislature, or they may
be litigated by writ of habeas corpus.”  Griffin v. State, 145
S.W.3d 645, 648–49 (Tex. Crim. App. 2004).  In other words, a defendant in a
plea bargain case cannot raise a jurisdictional challenge on appeal absent a
showing that he raised the issue in a written pretrial motion that was ruled
upon by the trial court or obtained the trial court’s permission to appeal.  See
id.  Appellant admits that he did not raise jurisdiction in the
trial court, and he has not shown that he obtained the trial court’s permission
to appeal.  Therefore, he cannot challenge the trial court’s jurisdiction on
appeal.  Accordingly, we overrule Appellant’s motion for
rehearing.                                                                                                                                   


Opinion
delivered January 12, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)