Opinion issued March 31, 2011

 



 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-10-00829-CR

____________

 

DERRICK BERNARD HANDY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1263995

 

 



MEMORANDUM
 OPINION

              Appellant
pleaded guilty to the offense of theft and, in accordance with the plea bargain
agreement, the trial court sentenced appellant to confinement for 2 years.  Appellant filed a timely notice of
appeal.  We dismiss for lack of
jurisdiction.








              In
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial
court’s permission to appeal.  Griffin
v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper v. State,
45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex.
R. App. P. 25.2(a)(2).

              The
trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal.  The record supports the correctness of the
certification.  Dears v. State,
154 S.W.3d 610, 614-15 (Tex.  Crim. App.
2005).  We must dismiss an appeal if the
trial court’s certification shows there is no right to appeal.  See Tex.
R. App. P. 25.2(d).

              Accordingly,
we dismiss the appeal for lack of jurisdiction.

We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Bland and Brown.

Do not publish.   Tex.
R. App. P. 47.2(b).