Opinion issued August 25, 2011.

 



 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-00534-CR,

NO. 01-11-00535-CR

____________

 

JOHN GOFFNEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 183rd District Court 

Harris County, Texas

Trial Court Cause Nos. 1214545 and
1277949

 

 



MEMORANDUM  OPINION

              Appellant
pleaded guilty to two counts of sexual assault of a child and pleaded true to
the enhancements. In accordance with the plea agreement, the trial court
sentenced appellant to confinement for 30 years.  Appellant filed a timely notice of
appeal.  We dismiss for lack of
jurisdiction.








              In
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial
court’s permission to appeal.  Griffin
v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper v. State,
45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex.
R. App. P. 25.2(a)(2).

              The
trial court’s certifications of appellant’s right to appeal in these cases
state that these are plea-bargained cases and appellant has no right to
appeal.  The records support the
correctness of the certifications.  Dears
v. State, 154 S.W.3d 610, 614-15 (Tex. 
Crim. App. 2005).  We must dismiss
an appeal if the trial court’s certification shows there is no right to
appeal.  See Tex. R. App. P. 25.2(d).

          Accordingly,
we dismiss the appeal for lack of jurisdiction.

We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Huddle.

Do not publish.   Tex.
R. App. P. 47.2(b).