Opinion issued August 25, 2011.

 



 

 

 

 

              

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-00646-CR

____________

 

brent allen burson,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 182nd District Court 

Harris County, Texas

Trial Court Cause No. 1285111

 

 



MEMORANDUM  OPINION

              Appellant
pleaded guilty to the offense of driving while intoxicated and true to one
enhancement, and, in accordance with the plea agreement, the trial court
sentenced appellant to confinement for three years.  We dismiss for lack of jurisdiction.








              In
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial
court’s permission to appeal.  Griffin
v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper v. State,
45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex.
R. App. P. 25.2(a)(2).

              The
trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal.  The record supports the correctness of the
certification.  Dears v. State,
154 S.W.3d 610, 614-15 (Tex.  Crim. App.
2005).  We must dismiss an appeal if the
trial court’s certification shows there is no right to appeal.  See Tex.
R. App. P. 25.2(d).

          Accordingly,
we dismiss the appeal for lack of jurisdiction.

We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes,
Higley, and Huddle.

Do not publish.   Tex.
R. App. P. 47.2(b).