

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00550-CR

Vincent **CAUDILLO** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6227W
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed:  October 3, 2018

DISMISSED

Appellant, Vincent Caudillo Jr., entered into a plea bargain with the State, and pled nolo contendere to the charged felony offense. As part of the plea bargain, Caudillo waived his right to appeal. The trial court found Caudillo guilty and imposed sentence in accordance with the agreement. The judgment indicates that permission to appeal was denied. The trial court also signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Caudillo filed a motion to amend the trial court's certification of right to appeal and a motion for new trial, and filed a timely notice of appeal. The clerk's record,

which includes the trial court's rule 25.2(a)(2) certification and the written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record does not contain any matter raised by written motion and ruled on before trial and does not reflect that the trial court granted permission to appeal. The record thus appears to support the trial court's certification that Caudillo does not have a right to appeal.

On August 21, 2018, the court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he had the right to appeal were made part of the appellate record. *See* TEX. R. APP. P. 25.2(d) (court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record"). Caudillo filed a response, stating that the trial court heard and denied his motion for new trial and his motion to amend the certification of the defendant's right of appeal. Nevertheless, he contends he may appeal "issues of voluntariness." We disagree. Rule 25.2 "does not permit the voluntariness of the plea to be raised on appeal." *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *see Griffin v. State*, 145 S.W.3d 645, 647-48 (Tex. Crim. App. 2004). After reviewing the record, we agree that Caudillo does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH