

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00267-CR

———————————————

SHERROD GOODSPEED, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1495736D

Before Pittman, J.; Sudderth, C.J.; and Birdwell, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pro se Appellant Sherrod Goodspeed attempts to appeal the trial court's judgment based on his plea bargain with the State. We dismiss this appeal.

In exchange for the State's offer of a two-year prison sentence, Appellant agreed to plead guilty to robbery by threat, a second-degree felony, Tex. Penal Code Ann. § 29.02(a)(2), (b) (West 2011), waived all rights of appeal, and judicially confessed that he was guilty of robbery by threat and that the repeat-offender allegation was true.[1] Appellant does not challenge any pretrial rulings on written motions—it appears the only ruling on a written motion was the trial court's order granting his request to appoint an investigator for the defense—and the trial court did not give Appellant permission to appeal.

The trial court's certification provides that this is a plea-bargained case and Appellant has no right of appeal; it also provides that Appellant waived all rights of

---

[1]Appellant's written admonishments incorrectly provide that (1) robbery by threat is a third-degree felony and (2) with the enhancement, he faced confinement in the range of two to twenty years and a fine of up to $10,000—the normal sentencing range for a second-degree felony, Tex. Penal Code Ann. § 12.33 (West 2011). Legally, Appellant was subject to punishment for a first-degree felony—confinement in the range of five to ninety-nine years and a fine of up to $10,000, *id.* § 12.32, because robbery is a second-degree felony, he pled true to the repeat-offender allegation, and the trial court found the repeat-offender allegation true, thus qualifying Appellant for an enhanced punishment, *id.* § 12.42(b) (West Supp. 2018). It therefore appears that Appellant's two-year sentence is illegal because it is outside the permissible range of punishment for a second-degree felony accompanied by a true finding of a repeat-offender allegation—it is too low. *See id.*; *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Accordingly, we informed Appellant by letter that his appeal would be subject to dismissal based on the trial court's certification unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. We have received no response.

Rule 25.2(a) allows a plea-bargaining defendant to appeal only matters raised by written motion and ruled on before trial or only with the trial court's permission. Tex. R. App. P. 25.2(a)(2). Appellant therefore has no right of appeal. *See* Tex. R. App. P. 25.2(a), (d); *Griffin v. State*, 145 S.W.3d 645, 645–49 (Tex. Crim. App. 2004); *Edwards v. State*, No. 01-16-00081-CR, 2017 WL 1175556, at *4 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, pet. ref'd) (mem. op., not designated for publication). Further, this court has no authority to do anything but dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Greenberg v. State*, No. 02-17-00297-CR, 2018 WL 2142770, at *1 n.4 (Tex. App.—Fort Worth May 10, 2018, pet. ref'd) (mem. op., not designated for publication).

Thus, we dismiss this appeal in conformity with the trial court's certification of appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 15, 2018