

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-901-20 & PD-902-20 & PD-903-20

**BENSON DORSEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

*Per curiam.* WALKER, J., would grant. Newell, J., dissented to order.

## ORDER

After his motion to suppress was denied, Appellant pled guilty to possession of a controlled substance with intent to deliver, and two counts of unlawful possession of a firearm by a felon. The trial court's appeal certification states that this is a plea-bargain case, but that matters were raised by written motion, filed and ruled on before trial, so Appellant has the right of appeal. The Court of Appeals upheld the trial court's denial of Appellant's motion to suppress. *Dorsey v. State*, ___S.W.3d___ Nos. 01-18-00520-CR,

01–18-00521-CR, 01-18-0522-CR (Tex. App. Houston [1ˢᵗ Dist.], December 12, 2019). The court also addressed and rejected Appellant's double jeopardy claim which he raised for the first time on appeal. *Id*.

Appellant filed petitions for discretionary review challenging the court of appeals' rejection of his double jeopardy claim concerning the two convictions for unlawful possession of a firearm by a felon. We ordered the parties to brief the issue of whether the court of appeals had jurisdiction to address the double jeopardy issue given that the appeal was based upon a plea bargained case. We refuse Appellant's petition for discretionary review, but issue this order to clarify the scope of appeal.

The right to appeal in a criminal case is a statutory right. *Griffin v. State*, 145 S.W.3d 645 (Tex.Crim.App. 2004). Texas Code Criminal Procedure Article 44.02 establishes a defendant's right to appeal and Texas Rule of Appellate Procedure 25.2 specifies the procedures to follow, consistent with that statutory grant of appeal. See *Chavez v. State*, 183 S.W.3d 675, 679-80 (Tex.Crim.App. 2006)( a plea bargaining defendant may appeal only matters consistent with the exceptions set out rule 25.2). Rule 25.2 provides that a plea-bargaining defendant "may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal expressly authorized by statute." TEX. R. APP. P. 25.2(a); *see also* TEX. CODE CRIM. PROC. Art. 44.02 (plea bargaining defendant who seeks appeal "must have permission of the trial court, except on those matters which have been raised

by written motion filed prior to trial").

Appellant pled guilty pursuant to a plea bargain and is therefore limited to appealing "matters which have been raised by written motion filed prior to trial." He did not raise a double jeopardy claim in the trial court and may not raise the issue for the first time on appeal. The court of appeals erred to address the merits of the claim. Appellant's petition for discretionary review is refused.

IT IS SO ORDERED THIS THE 21st DAY OF APRIL, 2021.

Publish