

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00087-CR

_____

MARIAN MOLIKA CHAMBERS A/K/A MARIAN CHAMBERS, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1521948D

_____

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Marian Molika Chambers attempts to appeal her first-degree felony conviction for injury to an elderly individual. *See* Tex. Penal Code Ann. § 22.04(a)(1), (e). But she waived her right to appeal as part of her charge bargain with the State.

Texas Rule of Appellate Procedure 25.2 provides that, "[i]n a plea bargain case[,] . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification of the defendant's right to appeal, clarifying whether the case involves a plea bargain and whether the defendant has a right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Here, Chambers pleaded guilty to Count Two of her indictment—injury to an elderly individual—in exchange for the State's agreement to waive Count One—murder.[1] *See* Tex. Penal Code Ann. §§ 19.02, 22.04. Such an exchange is a charge bargain, which qualifies as a plea bargain under Rule 25.2. *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) ("Rule 25.2(a)(2) applies to charge-bargain cases."); *Mayfield v. State*, No. 02-19-00343-CR, 2019 WL 6335421, at *2 (Tex. App.—

---

[1]Chambers's written plea admonishments state that the plea recommendation was "Open to the Court – waive [C]ount 1," and the trial court's judgment also reflects the terms of the plea bargain as "OPEN TO THE COURT – WAIVE COUNT 1."

Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication) (holding that State's agreement to drop count one in exchange for defendant's guilty plea to count two qualified as a charge bargain). The trial court entered judgment in accordance with the terms of Chambers's charge bargain, and it signed an amended certification confirming that this "is a plea-bargain case, and the defendant has NO right of appeal."[2] *See* Tex. R. App. P. 25.2(a)(2), (d).

Because a criminal appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we warned Chambers that we could dismiss her appeal unless she showed grounds for continuing it. *See* Tex. R. App. P. 44.3. Chambers responded by indicating that, despite her charge bargain, "the question of a free and voluntary judicial confession by Appellant is a viable fundamental [appellate] issue."[3] But a plea-bargaining defendant cannot appeal the voluntariness of her plea absent a trial court's permission. *Gray v. State*, No. 02-17-00271-CR, 2017 WL 4296449, at *1 (Tex. App.—Fort Worth Sept. 28, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal and reiterating that "[a]bsent the trial court's permission, appealing

---

[2]The trial court initially signed a certification indicating that Chambers had a right to appeal. But later, while the appeal was pending, the trial court supplemented the record with an amended certification indicating that Chambers did not have a right to appeal. Chambers was mailed multiple copies of the amended certification.

[3]In her response, Chambers requested additional time to file a supplemental brief on the jurisdictional issue. We granted her request, but Chambers failed to file a supplemental brief.

3

the voluntariness of a defendant's plea is prohibited"); *see Cooper v. State*, 45 S.W.3d 77, 78–83 (Tex. Crim. App. 2001) (discussing 1977 amendment to Tex. Code Crim. Proc. Ann. art. 44.02 and holding that a plea-bargaining defendant may not appeal the voluntariness of her plea absent permission); *cf. Griffin v. State*, 145 S.W.3d 645, 648 (Tex. Crim. App. 2004) (discussing *Cooper* and extending logic to appeals of jurisdictional defects). And the trial court's amended certification reflects no such permission.

Accordingly, we dismiss Chambers's appeal for want of jurisdiction. Tex. R. App. P. 25.2(d), 43.2(f); *see Pickett v. State*, No. 02-22-00079-CR, 2022 WL 4272864, at *1 (Tex. App.—Fort Worth Sept. 15, 2022, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction in charge-bargain case); *Mayfield*, 2019 WL 6335421, at *2 (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 9, 2023