**Opinion issued March 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00771-CR

————————————

**DASHONN LEONARDO DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1431248**

---

### MEMORANDUM OPINION

Pursuant to an agreement with the State, appellant, Dashonn Leonardo

Davis, pleaded guilty to the offense of violation of a protective order.[1] The trial

---

[1]    *See* TEX. PENAL CODE ANN. § 25.07(a) (West Supp. 2014).

court accepted the plea agreement, assessed appellant's punishment at confinement for three years, and certified that this is a plea-bargained case and he has no right of appeal. Appellant filed a pro se notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *see also Griffin v. State*, 145 S.W.3d 645, 645–49 (Tex. Crim. App. 2004) (concluding neither article 44.02 nor rule 25(a)(2) expressly or impliedly make exception for appeals of jurisdictional issues); *Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001) (holding voluntariness of guilty plea may not be contested on direct appeal following plea bargain agreement). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2),

must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss appellant's motion to withdraw the appeal as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).