

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00070-CR
No. 02-22-00071-CR

———————————————

WILLIAM A. SARRINGAR AKA COREY D. REYNOLDS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 0806135D, 0807182D

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant William A. Sarringar a/k/a Corey D. Reynolds appeals from the trial court's order denying his "Leave to Request Reconsideration and Rescindment of Standing 'Cumulation Order' in the Above Causes Pursuant to T.C.C.P. Art. 42A.202 & Article V, Section 8 of the Texas Constitution," in which he asked the trial court to change its judgments of conviction to order that Appellant's sentences for two offenses run concurrently with his life sentence for another offense. We dismiss the appeal for lack of jurisdiction.

Twenty years ago, Appellant was convicted of three aggravated-robbery-with-a-deadly-weapon offenses. For one of the convictions, Appellant was sentenced to life confinement. For each of the other two convictions, Appellant was sentenced to 60 years' confinement. The trial court ordered that those two sentences be served concurrently with each other and that they begin to run after Appellant had served the life sentence. This court affirmed all three convictions. *See Sarringar v. State*, Nos. 2-02-288-CR, 2-02-289-CR, 2003 WL 21404819, at *1 (Tex. App.—Fort Worth June 19, 2003, pet. ref'd) (mem. op., not designated for publication); *Sarringar v. State*, No. 2-02-102-CR, 2003 WL 861698, at *1 (Tex. App.—Fort Worth Mar. 6, 2003, pet. ref'd) (mem. op., not designated for publication).

On March 7, 2022, Appellant filed a "Leave to Request Reconsideration and Rescindment of Standing 'Cumulation Order' in the Above Causes Pursuant to T.C.C.P. Art. 42A.202 & Article V, Section 8 of the Texas Constitution." Appellant

2

asserted that "[t]he trial judge has authority to rescind its cumulation order pursuant to Art. 42A.202, and Art. 5, Sec 8[1] of the Texas Constitution, in conjunction with the jurisdictional provisions, set forth in the Texas Code of Criminal Procedures, Art. 4.05[2] and 4.16,[3]" and he requested that the trial court do so. The trial court denied the motion, and Appellant appealed. The trial court certified that Appellant had the right to appeal.

Because we were concerned that we did not have jurisdiction over the appeal, we notified Appellant that we could dismiss the appeal unless he filed a response showing grounds for its continuation. *See* Tex. R. App. P. 44.3. Appellant has filed a response, but for the reasons discussed below, the response does not show grounds for continuing the appeal.

---

[1]This provision provides that a district court's jurisdiction consists of "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies" except when "exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body" and that district court judges "have the power to issue writs necessary to enforce their jurisdiction." Tex. Const. art. V, § 8.

[2]"District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code." Tex. Code Crim. Proc. Ann. art. 4.05.

[3]"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12." Tex. Code Crim. Proc. Ann. art. 4.16.

Appellant's motion complained that the trial court's ordering his sentences to run consecutively meant that he had received a disproportionate sentence, and for that reason, he asked the trial court to modify the judgment to order that the two concurrent sentences run concurrently with his life sentence. Appellant's motion further complained that the prosecutor was vindictive toward him, as evidenced by (according to Appellant) the fact that the prosecutor moved to have the trial court cumulate the sentences only after Appellant's first trial, when he had already received a life sentence in one case and after Appellant had refused to agree to a plea bargain on the other charges against him. Citing Texas Penal Code Section 3.03 and Code of Criminal Procedure Article 42.08, Appellant further argued that the trial court was not authorized to order the sentences to run cumulatively. *See* Tex. Penal Code Ann. § 3.03; Tex. Code Crim. Proc. Art. 42.08.

A defendant may seek post-conviction relief from an improperly cumulated sentence[4] by way of writ of habeas corpus. *See, e.g.*, *Ex parte Madding*, 70 S.W.3d 131, 134, 136 (Tex. Crim. App. 2002); *In re Cox*, No. 03-12-00342-CV, 2012 WL 2076852, at *1 (Tex. App.—Austin June 7, 2012, orig. proceeding) (mem. op.) (stating that proper avenue to challenge illegal sentence is habeas corpus proceeding). To the extent that Appellant's motion is an application for postconviction habeas relief we have no jurisdiction over the appeal from the trial court's order denying his motion,

---

[4]We do not address whether the trial court's cumulation of his sentences was authorized.

4

even if his motion has merit. *See Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Intermediate courts of appeals do not have jurisdiction over postconviction habeas corpus proceedings in felony cases. *Id.*; *see* Tex. Code Crim. Proc. art. 11.07. In his response to our jurisdiction letter, however, Appellant asserted that he was *not* seeking habeas relief. He does not, however, provide any basis on which this court has jurisdiction over his appeal. *See Cox*, 2012 WL 2076852, at *1.

Appellant's response notes that the trial court certified his right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2). That Rule states that "[a] defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules" and that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order* other than an order appealable under Code of Criminal Procedure Chapter 64." Tex. R. App. P. 25.2 (emphasis added). The trial court's form "Certification of Defendant's Right of Appeal" checked the option stating that Appellant's case "is not a plea-bargain case, and the defendant has the right of appeal." We interpret Appellant's argument to be that the trial court's certification makes the order an "otherwise appealable order" and gives this court jurisdiction over his appeal. However, we have jurisdiction over an appeal only when the appeal is authorized by law, *see Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004), and the appellate rules do not create jurisdiction that would otherwise not exist,

5

*State v. Riewe*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); *see also Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006) ("Rules of Appellate Procedure do not establish appellate jurisdiction, but rather set out procedures which must be followed to invoke a court's jurisdiction over a particular appeal"). Thus, a trial court's certification of a defendant's right to appeal cannot make an otherwise non-appealable order into one that is appealable.

Appellant also relies on Code of Criminal Procedure Article 42A.202 in an attempt to demonstrate that he is not seeking postconviction relief that would be available only through a habeas proceeding. In his motion, he argued that because he had not yet started serving the two concurrent sentences, then under Article 42A.202, the trial court had jurisdiction to change those sentences to run concurrently with the life sentence. That article provides,

> *For the purposes of this article*, the jurisdiction of a court imposing a sentence requiring imprisonment in the Texas Department of Criminal Justice for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins. [Emphasis added.]

Tex. Code Crim. Proc. Ann. art. 42A.202.

Chapter 42A governs community supervision, and Article 42A.202 discusses when a trial court may suspend further execution of a sentence and place the defendant on community supervision. *Id.* Even assuming that the trial court would have had jurisdiction to place Appellant on probation for the two concurrent sentences, Appellant's motion specifically stated that he was *not* requesting a

6

suspension of his sentence for purposes of community supervision.[5] Although Appellant argued that Article 42A.202 "does not mandate or limit a sentencing Court's continued jurisdiction to just community supervision/probation matters only," in fact, that article specifically limits its applicability to use "[f]or purposes of this article." *Id.* Article 42A.202 does not help Appellant.

Appellant's response to our jurisdiction letter also argues that he has "a [c]onstitutional right to be heard and to seek redress of grievances from those invested with the powers of government" and the right to due process of law and equal protection under the law. Although Appellant is correct generally speaking that he has certain constitutional rights, these arguments do not demonstrate that this court has jurisdiction over an appeal from the particular order of which Appellant complains.

Appellant further cites various constitutional and statutory provisions. *See* Tex. Const. art. 1, §§ 27, 29 (providing right to petition for redress of grievances and excepting from government's powers the rights in bill of rights), art. 4, § 11A (giving courts having original jurisdiction over criminal actions power to suspend execution of sentence and place defendant on probation), art. 5, § 6 (stating that intermediate appellate courts have jurisdiction as prescribed by law), art. 16, § 1 (setting out the oath of office for elected officials); Tex. Code Crim. Proc. arts. 4.03 (stating that

---

[5]By assuming this proposition for purposes of this opinion, we do not hold or suggest that Appellant is eligible for community supervision under Article 42A.202.

7

appellate courts have criminal appellate jurisdiction coextensive with their respective districts except in death-penalty cases), 44.02 (stating that criminal defendant has right to appeal "under the rules hereinafter prescribed"); Tex. Gov't Code Ann. §§ 21.001 (discussing a court's inherent powers), 22.203 (providing for where this court may transact its business), 22.221 (discussing an appellate court's writ power). None of these provisions give this court jurisdiction over the appeal.[6]

Because Appellant's response does not demonstrate grounds for continuing his appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 7, 2022

---

[6]Appellant also argued in his motion below that the trial court could reconsider its original disposition under *Ex Parte Moreno*, 245 S.W.3d 419, 427 (Tex. Crim. App. 2008). That case, however, addressed whether the Court of Criminal Appeals could reconsider its disposition of a writ of habeas corpus in a death-penalty case. Appellant's reliance on this case raises the question of whether Appellant is actually seeking habeas relief, but regardless, the case does not support the proposition that this court has jurisdiction of an appeal from the order of which Appellant complains. *See Keene*, 910 S.W.2d at 483.