**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00529-CR**

———————————

**CHRISTOPHER LEE HEROD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CR-3464**

---

**MEMORANDUM OPINION**

A jury found appellant Christopher Lee Herod guilty of continuous sexual

abuse of a child under 14.[1]  The State recommended 25 years at sentencing—the

---

[1] *See* TEX. PENAL CODE § 21.02(b).

minimum available[2]—in exchange for appellant waiving his appeal. The trial court sentenced appellant to 25 years. He appealed. The State now moves to dismiss. Appellant says his plea was involuntary. We dismiss because we have no jurisdiction on direct appeal over a challenge to plea voluntariness.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial, after obtaining the trial court's permission to appeal, or where the specific appeal is authorized by statute. TEX. R. APP. P. 25.2(a)(2); *Griffin v. State*, 145 S.W.3d 645, 648–49 (Tex. Crim. App. 2004); *Cooper v. State*, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001).

Here, the trial court's certification says that appellant waived his right to appeal. TEX. R. APP. P. 25.2(d); *see, e.g., Griffin*, 145 S.W.3d at 646–49 (defendant may waive their right to appeal in exchange for State's sentencing recommendation). Appellant signed this certification. At sentencing, the trial court put the agreement on record and confirmed its terms with the State, the appellant, and his counsel:

| [Court]: | Having found—a jury having found the Defendant guilty—what is—is there a plea bargain? |
|---|---|
| [State]: | There is, your Honor. 25 years TDC. |
| [Russell]: | That's my understanding, your Honor. |
| [Court]: | All right. And is that— |
| [State]: | Oh, one second. And waiver—waiver of appeal. |

---

[2] *Id.* § 21.03(h). The available range is 25 to 99. *See* TEX. PENAL CODE § 21.02(h).

2

[Russell]:    Yes.

[Court]:    So, in this type of case, is—is there parole available?

[State]:    No.

[Russell]:    No.

[Court]:    Okay. So, this is 25 years day-for-day. This is waiving appeal on the case in chief.

[State]:    And punishment.

[Court]:    And—on everything?

[State]:    On everything.

[Court]:    Is that your agreement?

[Russell]:    Yes, your Honor.

[Court]:    All right. Mr. Herod, are you Christopher Lee Herod?

[Defendant]: Yes, ma'am, your Honor.

[Court]:    All right. Is this your agreement?

[Russell]:    Is this your agreement?

[Court]:    Is this your agreement?

[Defendant]: Yes, ma'am.

The trial court then sentenced appellant within the sentencing recommendation and re-confirmed on the record that appellant understood he was waiving his right to appeal:

[Court]:  [. . .] At this time, a jury having found you guilty of sexual abuse of a child, continuous victim under 14, I will sentence you to 25 years Texas Department of Criminal Justice Institutional Division. There's no fine?

[Russell]:  No, your Honor.

[Court]:  All right. Any—any possible fines or Court costs will be laid out concurrently.

[Court]:  Do we have jail credit?

[Russell]:  Four days, your Honor.

[State]:  Four days.

[Court]:  You will have four days of jail credit. You understand you're giving up your right of appeal?

[Defendant]: Yes, ma'am

The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant has no right of appeal so we must dismiss. *See Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Appellant says his plea was involuntary because: (1) counsel failed to explain his chances on appeal; (2) he was too distressed after conviction to plead voluntarily; and (3) counsel misinformed him that his choice was 25 years if he pleaded or life if he went to trial, rather than 25 to life. Appellant presented evidence supporting his claims at the hearing on his unsuccessful motion for new trial. He now seeks remand for another hearing to determine whether counsel misinformed him about punishment and to allow counsel to evaluate his appellate prospects.

But the Texas Court of Criminal Appeals has concluded Rule 25.2 does not permit challenges to the voluntariness of a plea on direct appeal where the appellant waives his right to appeal. *See, e.g.*, *Cooper*, 45 S.W.3d at 83; *see also Arteaga v. State*, No. 01-22-00601-CR, 2023 WL 2316349, at *3 (Tex. App.—Houston [1st Dist.] Mar. 2, 2023, no pet.) (mem. op., not designated for publication) (rejecting challenge to plea voluntariness on direct appeal); *Schooler v. State*, No. 01-22-00266-CR, 2023 WL 3470275, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2023, no pet.) (mem. op., not designated for publication) (same). Instead, involuntary plea claims should be raised by motion for new trial—which appellant did here unsuccessfully—or in habeas proceedings. *Cooper*, 45 S.W.3d at 82. "These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Cooper*, 45 S.W.3d at 82.

5

Accordingly, we dismiss the appeal for lack of jurisdiction and dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. *See* TEX. R. APP. P. 47.2(B).